MICHAEL J. WALKER, OSB # 055108
Email: mwalker@pbswlaw.com
PARKS BAUER LLP
570 Liberty Street SE, Suite 200
Salem, Oregon 97301
Telephone: (503) 371-3502
Facsimile: (503) 371-0429

J. MICHAEL PENNEKAMP *(Pro Hac Vice Forthcoming)*
Email: jmp@fowler-white.com
FOWLER WHITE BURNETT
201 South Biscayne Blvd, 20th Floor
Miami, FL 33131
Telephone: (305) 789-9200
Facsimile: (305) 728-7560

Of Attorneys for Defendant State Farm Mutual Automobile Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ECHO FOUR, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois for-profit corporation; and HAYDEN LOWEN, an individual, <br><br> Defendants. | No. 3:26-cv-00133-MO <br><br> **DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> **Oral Argument Requested; Appearance by Telecommunication Requested; Time Requested:  40 Minutes** <br> (Official Court Reporting Services are *Not* Requested) |

**LR 7-1 CERTIFICATION**

In compliance with Local Rule 7-1(a), counsel for Defendant State Farm Mutual Automobile Insurance Company and counsel for Plaintiff conferred by telephone on February 10, 2026, and were unable to resolve the issues raised in this Motion to Dismiss.

**Page 1 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), moves to dismiss Plaintiff's, Echo Four, LLC ("Echo Four") Complaint, and states:

### Introduction

Echo Four appears to be a litigation shell company created to file serial actions against self-insured companies and insurance companies, like State Farm. Echo Four's Complaint appears to follow the strategy employed by another company, "MSP Recovery," that seeks to sue various auto insurers in courts across the United States alleging it is entitled to reimbursement of medical-related payments owed under the Medicare Secondary Payer Act from assignments made by Medicare Advantage Organizations ("MAOs") and "downstream entities." Echo Four, like MSP Recovery, claims that it holds assigned rights to bring these claims on behalf of the MAOs or their downstream entities.

In this case, Echo Four alleges that State Farm failed to reimburse Atrio Health Plans, Inc. ("Atrio") for conditional payments Atrio made on behalf of a Medicare recipient, M.S., following a December 12, 2023, automobile accident involving Defendant, Hayden Lowen.  M.S. and Lowen were both allegedly insured by State Farm at the time of the accident. Echo Four alleges that Atrio has a right of subrogation under "state and federal law" against State Farm. Echo Four contends that those rights have been assigned to it.

As fully outlined below, this Court should dismiss Echo Four's Complaint. First, Echo Four fails to sufficiently allege that State Farm is subject to personal jurisdiction in Oregon for this specific case. State Farm is an Illinois corporation and Echo Four is a Delaware entity. Echo Four simply alleges that State Farm generally insures automobiles in Oregon, but does not allege that any of the reimbursement issues that actually underly these claims occurred in Oregon. Echo Four

**Page 2 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

further alleges that its claims arise out of State Farm's acts and omissions in Oregon, which is far too general. Second, Echo Four fails to properly allege that it has standing to bring these claims. It attaches purported assignment agreements to the Complaint that allegedly assign over "Legal Claims" related to "Identified Medical Claims" from Atrio, but the documents fail to demonstrate that the alleged reimbursement claims here fall within same. There is no evidence that Echo Four has standing to bring these claims at all. Third, Echo Four fails to state a claim upon which relief can be granted. The Complaint alleges in a conclusory fashion that State Farm has violated the Medicare Secondary Payer Act by failing to make reimbursements, but fails to allege any specific facts related to same. Plaintiff has failed to allege sufficient facts for determining primary plan responsibility.

**Memorandum of Law**

1.      **Echo Four fails to sufficiently allege that State Farm is subject to personal jurisdiction in Oregon for this specific case.**

In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of proving the court's exercise of jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "A nonresident corporation may be subject to either general or specific personal jurisdiction." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025). "Oregon's long-arm statute is co-extensive with constitutional standards." *Fatnani v. JP Morgan Chase Bank, N.A.*, 743 F. Supp. 3d 1253, 1266 (D. Or. 2024) (citing *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990)).

General jurisdiction arises where the defendant's contacts with the forum are continuous and systematic even if those contacts are wholly unrelated to the plaintiff's claims. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). "This is an exacting standard, as it should be because a finding of general jurisdiction permits a defendant to be haled into court

**Page 3 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

A court can exercise general jurisdiction over foreign corporations without offending due process when the corporation's contacts with the forum state are "so continuous and systematic as to render them essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). *Daimler AG v. Bauman,* 571 U.S. 117 (2014), the preeminent case on general personal jurisdiction, and its progeny make clear that general personal jurisdiction exists outside of a corporation's place of incorporation and principal place of business only in exceptionally limited circumstances. *Daimler*, 571 U.S. at 129. The only known exception is the case of *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952). During World War II, Benguet stopped its mining operations in the Philippines and the president of the company moved to the State of Ohio, where "he kept an office, maintained the company's files, and oversaw the company's activities." *Daimler*, 571 U.S. at 129-30. In *Perkins*, Ohio became Benguet's "principal, if temporary, place business" and because Ohio became the principal place of business, the Supreme Court found that "Ohio courts could exercise general jurisdiction over Benguet without offending due process." *Id*.

Echo Four's Complaint does not allege whether State Farm is subject to general or specific jurisdiction in this case. General jurisdiction does not lie. Echo Four readily concedes that State Farm is an Illinois corporation with its principal place of business in Illinois, making it an Illinois citizen. [ECF No. 1-1 ¶ 10]. Given this, *Daimler* essentially forecloses general personal jurisdiction over State Farm. Plaintiff does not allege that State Farm is at home in Oregon, but rather that it does substantial business in the state. Plaintiff alleges that:

////

**Page 4 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

> State Farm has purposefully availed itself of the privileges of doing business in Oregon. According to data from the Oregon Division of Financial Regulation, Defendant State Farm is the largest issuer of private, non-commercial auto insurance policies in Oregon.

[ECF No. 1-1 ¶ 11]. This is not enough under *Daimler, Perkins*, and their progeny for State Farm to be generally sued in Oregon for any conduct at all. State Farm is not essentially a home state defendant in Oregon.

These allegations also fail to allege specific jurisdiction because the claim here for reimbursement and subrogation does not arise out of or relate to State Farm's insuring of Oregon drivers generally. Specific jurisdiction arises out of the defendant's certain minimum contacts with the forum state, the controversy arising out of those contacts, and the exercise of jurisdiction being reasonable. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Ninth Circuit's three-part specific jurisdiction test is:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger,* 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id*. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 476-78 (1985)).

The Ninth Circuit has "long understood that for an injury to arise out of a defendant's forum contacts required 'but for' causation, in which a 'direct nexus exists between [a defendant's contacts [with the forum state] and the cause of action." *Yamashita v. LG Chem., Ltd.*, 62 F.4th 496, 504

**Page 5 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

(9th Cir. 2023). Relatedness requires a close connection between the contacts and injury. *See id*. (citing *NBA Props, Inc. v. HANWJH*, 46 F.4th 614, 625-27 (7th Cir. 2022)). Relate to "does not mean anything goes" because too broad a scope would risk "collapsing the core distinction between general and specific jurisdiction." *Id*. (citing *Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 866 (D.C. Cir. 2022)). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co. v. Montana Eight Jud. Dist. Ct.*, 592 U.S. 351, 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). For instance and unlike this case, in *Ford Motor Co.*, the U.S. Supreme Court found specific personal jurisdiction over Ford where it "extensively promoted, sold, and serviced" allegedly defective automobiles in the forum state despite them being manufactured elsewhere. *Id*. at 371.

Other courts have dismissed similar claims involving the Medicare Secondary Payer Act for failure of specific personal jurisdiction. For instance, in *MSP Recovery Claims Series, LLC v. Nationwide Mutual Ins. Co.*, 2021 WL 355133, *4 (S.D. Fla. Feb. 2, 2021), the court reasoned that the claims against the insurance companies for reimbursement did not arise from their insurance of business contracts with the underlying insureds themselves. *Id*. There were no allegations that the failure to reimburse occurred in the forum state at all, which were the core facts supporting the claims. *Id*.

Similarly, in *MSP Recovery Claims, Series, LLC v. Northland Ins. Co.*, 2022 WL 2341158 (S.D. Fla. June 16, 2022), the court dismissed the case for lack of specific personal jurisdiction. The court reasoned that the insurance companies "may write many policies and adjust many claims in Florida. That alone does not give rise to specific long-arm jurisdiction over them in this lawsuit." *Id*. at *6. There were no allegations as to the nature and location of the reimbursement claims that

had been assigned to the plaintiff that could assist to analyze where the claims arose from any forum-related contacts. Insuring forum-state drivers was not enough. *Id*.

Returning here, Echo Four similarly fails to allege that the issues related to the reimbursement occurred in Oregon at all. There are no factual details as to where and when State Farm failed to make payment to certain medical providers and where and when Atrio allegedly made those payments. All that Echo Four alleges is that Lowen and M.S. were Oregon drivers and Echo Four's claims arise out of acts and omissions that occurred in Oregon, which is too vague. *See e.g. Schwartz v. KPMG, et al.,* 476 F.3d 756, 766 (9th Cir. 2007) (finding mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden). But this action does not relate to an automobile accident. Echo Four fails to allege that the subrogation claims arise from or relate to conduct State Farm undertook in Oregon directly. These allegations are insufficient to allege that State Farm is subject to personal jurisdiction for this specific case. That State Farm does business generally in Oregon does confer personal jurisdiction over it to be sued in this specific case. Echo Four's other allegations are generic legal conclusions that do not suffice.

2.     **Echo Four fails to allege it has standing to bring claims for subrogation on behalf of Atrio because the purported contracts do not demonstrate that the underlying reimbursement claims have been assigned to Echo Four.**

The Complaint alleges subrogation pursuant to rights accrued under the Medicare Secondary Payer Act although it does not cite to any specific provision to do so. To bring a claim under section 1395(b)(3)(A) of the Medicare Secondary Payer Act, a plaintiff must be: "(1) an MAO who has made a conditional payment for health care services to a Medicare beneficiary; (2) a Medicare beneficiary whose healthcare services were paid by Medicare; or (3) a direct health care provider who has not been fully paid for services provided to a Medicare beneficiary." *MSP*

*Recovery Claims, Series LLC v. Travelers Casualty & Surety Co.*, 2018 WL 3599360 (S.D. Fla. June 21, 2018).  Further, "[i]f a plaintiff falls into one of these categories, it then must show: (1) an injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed favorably." *Id*. "Section 1395y(b)(3)(A) is not a *qui tam* statute that authorizes any private person to sue on behalf of the government." *Id*. Echo Four must demonstrate a valid assignment to have standing to bring a subrogation claim for rights accrued under Section 1395y(b)(3)(A). *MAO-MSP Recovery II, LLC v. Farmers Ins. Exchange*, 2017 WL 5634097, *7 (C.D. Cal. Nov. 20, 2017). Plaintiff must allege facts, not mere legal conclusions, in order to withstand a motion to dismiss. *Id*. (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

Echo Four contends it is the assignee of Atrio. To get there, Echo Four attached four substantially similar "Assignment of Claims" agreements to its Complaint. [ECF No. 1-1 Exhibit A]. The agreements purport to assign:

> all Legal Claims arising from or related to Assignor's payments of the Identified Medical Claims (collectively, the 'Assigned Legal Claims'). The Assigned Legal Claims include, without limitation, all of Assignor's rights to pursue and/or recover monies from primary payers and/or third parties in connection with the Identified Medical Claims.

[ECF No. 1-1 Exhibit A ¶1.3(a)]. "Identified Medical Claims" is a term of art defined as:

> the medical claims identified in Schedule 1 hereto . . . which is incorporated herein, each of which evidences one or more payments made by Assignor to one or more health care providers, suppliers, or facilities for services rendered thereby to (i) a member of Assignor's health plan or (ii) a member of a health plan which delegated to Assignor the responsibility for paying medical clams and providing healthcare services.

[ECF No. 1-1 Exhibit A ¶1.1(b)].

Echo Four fails to attach any of those Schedule 1's to the Complaint. There is no information or factual allegations that medical expenses paid by Atrio to providers on M.S.'s behalf

**Page 8 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

have not been reimbursed by State Farm or were subsequently assigned to Echo Four. The agreements contain no information at all whether any claim for reimbursement related to M.S. has been assigned to any entity let alone Echo Four. Echo Four's Complaint does not plausibly allege that it hold rights to bring suit against State Farm. Echo Four lacks standing under the current Complaint which should be dismissed on this basis as well.

> **3.** **Echo Four's subrogation cause of action fails to state a claim upon which relief can be granted because it fails to contain sufficient factual allegations and is otherwise lacking in detail.**

In addition to State Farm's arguments above that Echo Four fails to establish personal jurisdiction and lacks standing requiring dismissal of the Complaint, dismissal is also appropriate under Federal Rule of Civil Procedure 12(b)(6) because the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Twombly,* 550 U.S. at 562) (internal citations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1262 (11th Cir. 2004). Plaintiff's Complaint is deficient under these well-accepted pleading standards and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Complaint contains voluminous allegations as to the workings of the Medicare Secondary Payer Act, but scant little detail on the actual dispute here. Echo Four's cause of action

plays fast and loose with what authority it is brought under. The Complaint is replete with allegations and authority regarding the Medicare Secondary Payer Act, but yet the claim simply states that it is generally for "subrogation" under "federal and state law." The Medicare Secondary Payer Act appears to be the authority upon which Atrio would allegedly have a subrogation claim against State Farm, if any. But the Complaint lacks basic factual allegations required to state a claim under the Medicare Secondary Payer Act, which must, at minimum, plead facts supporting a reimbursement obligation, which arises only "if it is demonstrated that [the] primary plan has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii); *see also MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, 950 F.3d 764, 771 (11th Cir. 2020) ("Until responsibility is demonstrated. . . the obligation to reimburse Medicare does not exist and it can't be said that the primary plan – as required by the private cause of action's language – failed to provide appropriate reimbursement.").

"The statute expressly requires reimbursement for payments only 'if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service.'" *Efurd v. Baylor Health Care Sys.*, No. 3:14-CV-556, 2015 WL 11027603, at *3 (N.D. Tex. Mar. 25, 2015) (citing 42 U.S.C. § 1395y(b)(2)(B)(ii)). 42 U.S.C. § 1395y(b)(2)(B)(ii) provides:

> A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means.

*Id.*

////

**Page 10 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Echo Four must demonstrate State Farm's responsibility to pay on account of some conditional payments made by the purported assignor/MAO Delegate.[1] *See* 42 U.S.C. § 1395y(b)(2)(B)(ii); *see also MSP Recovery, LLC v. Allstate Ins. Co.,* 835 F.3d 1351, 1359 (11th Cir. 2016) ("the demonstrated responsibility requirement is incorporated as a prerequisite to pursuit of the private cause of action"); *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1309 (11th Cir. 2006) ("Until Defendants' responsibility to pay for a Medicare beneficiary's expenses has been demonstrated. Defendants' obligation to reimburse Medicare does not exist under the relevant provisions."). Even where plaintiffs point to the existence of some agreement or settlement that purportedly satisfies the demonstrated responsibility requirement, plaintiffs still have the "burden to allege in their complaint[], and then subsequently prove with evidence," that the contract or a settlement "actually render Defendants responsible for primary payment of the expenses Plaintiffs seek to recover." *Allstate,* 835 F.3d at 1361; *see also MSPA Claims 1, LLC v. Liberty Mut. Ins.,* 2015 WL 4511284, at *3 (S.D. Fla. July 22, 2015) ("simply alleging the existence of a contractual or statutory obligation does not mean that a responsibility to pay has been demonstrated"). Plaintiff must plead facts to establish both the demonstrated responsibility requirement and the conditional payment requirement. Plaintiff couching the Complaint as one for subrogation does not change these requirements.

---

[1] Federal regulations establish the foundational framework for MAO delegation through three distinct entity categories that collectively comprise what practitioners refer to as MAO delegates. Under 42 C.F.R. § 422.500, a first tier entity is defined as "any party that enters into an acceptable written arrangement with an MA organization or contract applicant to provide administrative services or health care services for a Medicare eligible individual." The regulatory scheme extends delegation authority through downstream entities, which are defined as "any party that enters into an acceptable written arrangement below the level of the arrangement between an MA organization (or contract applicant) and a first tier entity" with arrangements continuing "down to the level of the ultimate provider of both health and administrative services."

**Page 11 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Complaint in conclusory fashion alleges State Farm violated the Medicare Secondary Payer Act. It alleges that "ATRIO made at least $83,360.44 in Medicare payments for treatment related to Enrollee's accident. ATRIO made these conditional payments without knowledge of applicable State Farm insurance coverage or of State Farm's obligation to pay under the policies." [ECF No. 1-1¶ 52]. Echo Four continues that "[a]ll such medical services were reasonable, necessary, and causally related to the motor vehicle accident of December 12, 2023. The amounts paid were billed at reasonable rates consistent with community standards and ATRIO's contracted rated with healthcare providers." [ECF No. 1-1 ¶53]. The Complaint does not contain facts regarding the specific contract or settlement State Farm executed with the specific Medicare enrollee. There is no information about any of the specific medical treatment and services that were rendered, where, by whom, or for how much. Plaintiff has failed to allege sufficient facts for determining primary plan responsibility, including the coverage period of governing policies, "the dates of [conditional] payments, an associated settlement, and the relation of any conditional payments to any particular defendant." *United States ex rel. Takemoto v. Nationwide Mut. Ins. Co.*, 674 F. App'x 92, 95 (2d Cir. 2017). There are only legal conclusions that Atrio paid for medical services that State Farm should have reimbursed.  "Plaintiff has offered only bare allegations without any specific reference to the 'who, what, where, when, how or why[.]" *MAO-MSO Recovery II, LLC v. Nationwide Mut. Ins. Co.*, 2018 WL 4941111 (S.D. Ohio Feb. 28, 2018) (dismissing similar claims for failure to properly allege an assignment from the Medicare Advantage Organization). Characterizing its claim as subrogation does not change the requirements. Echo Four's Complaint fails to state a claim upon which relief can be granted and should be dismissed on this basis as well.

////

**Page 12 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Conclusion**

This Court should grant State Farm's Motion to Dismiss Echo Four's Complaint. Echo Four

fails to allege that State Farm is subject to general or specific personal jurisdiction in this case.

Echo Four also fails to sufficiently allege an assignment of Atrio's reimbursement rights, if any,

relating to a Medicare enrollee such that Echo Four lacks sufficient standing to bring this action.

The substance of the subrogation cause of action fails as well because it is insufficiently factual to

state a claim upon which relief can be granted. This Court should dismiss Echo Four's Complaint.

DATED this 11th day of February, 2026.

PARKS BAUER LLP

*/s/ Michael J. Walker*

By: _____

MICHAEL J. WALKER, OSB #055108
Of Attorneys for Defendant State Farm


J. MICHAEL PENNEKAMP *(Pro Hac Vice Forthcoming)*
Email: jmp@fowler-white.com
FOWLER WHITE BURNETT
201 South Biscayne Blvd, 20th Floor
Miami, FL 33131
Telephone: (305) 789-9200
Facsimile: (305) 728-7560
Of Attorneys for Defendant State Farm

**Page 13 – DEFENDANT STATE FARM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am one of the attorneys for the party stated below, and that I served the foregoing pleading or document on the following party by electronic means through the Court's Case Management/Electronic Case File System:

Eric J. Brickenstein and Mark J. Kimbrell
North Current Legal LLC
1050 SW 6th Avenue, Suite 1414
Portland, OR 97204
Email:  eric@northcurrentlegal.com; mark@northcurrentlegal.com
    *Of Attorneys for Plaintiff*

Michael P. Abate *(Pro Hac Vice Forthcoming)*
Kaplan Johnson Abate Bird LLP
10 W. Main Street, 4th Floor
Louisville, KY 40202
Email: mabate@kaplanjohnsonlaw.com
    *Of Attorneys for Plaintiff*

DATED this 11th day of February, 2026.


              */s/ Michael J. Walker*

              _____
              MICHAEL J. WALKER, OSB No. 055108
              Attorney for Defendant State Farm